UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Case No. 09-cr-186-pp

v.

NITA ASHFORD,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DKT. NO. 1144)**

On May 5, 2011, Judge Charles N. Clevert sentenced the defendant to serve 110 months in custody followed by five years of supervised release after she pled guilty to conspiring to distribute controlled substances. Dkt. Nos. 704, 707. On May 7, 2015, this court granted the defendant's motion for a reduction of that sentence under 18 U.S.C. §3582(c)(2) and reduced the custodial portion of the sentence to eighty-eight months. Dkt. No. 1026.

On August 18, 2020, the defendant filed the current motion asking the court for early termination of the five-year supervised release portion of the sentence. Dkt. No. 1144. The defendant explained that she was released from prison on March 15, 2017, and that she started her supervised release term on December 15, 2017. Id. at 1. She says that she has abided by all of the conditions of her supervision. Id.

The plaintiff says that by May 5, 2017, she had gotten a job as a personal care worker with a home health agency. Id. She indicates that before

the COVID-19 pandemic, she was volunteering at Hampton Gardens. Id. at 2. She reports that while in prison, she completed the Residential Drug Abuse Program, even though she wasn't able to earn the time off. Id. She also completed another program and a year of after care, and took a semester of speech communication at Greenville College (earning a B+). Id. The defendant has reconnected with her grandchildren (ages 9, 14, 17 and 19). Id. at 2-3.

The defendant says that in terms of why she is a better candidate than others for early release, she is no better than anyone else and can't speak for anyone else. Id. at 3. She says, however, that doing prison time at age 47, and looking back now from the age of 56 on all she has seen and done, she believes that she can live a productive life. Id. While she was in prison, she lost her mom and her only sister; she says that she has to deal with this every day, and while she can't change it, she can "do right and be here" for her grandchildren. Id. She has reunited with her church and is on the usher board, and says that she has a lot of positive people behind her. Id. She ends by saying, "I would like to be Nita M. Ashford without the 10161-089 [her BOP identification number] behind it." Id. at 4.

The probation office confirms that the defendant has complied with the conditions of supervision—she has had no positive drug tests, has satisfied her financial obligations and paid her special assessment. Dkt. No. 1146 at 1-2. Probation confirms the defendant's job at Superior Care Home Health and her ability to maintain financial independence. Id. at 2. She is being supervised at

a low intensity level. Id. Probation recommends that the court consider the defendant for early termination. Id. at 3.

The government does not object to the defendant's request. Dkt. No. 1147 at 2. The government refers to the court to the defendant's established work history, her completion of the RDAP program (which entitles some eligible defendants to up to twelve months off their custodial sentence) in explaining why it does not object. Id. at 3.

Under 18 U.S.C. §§3564(c) and 3583(e)(1), a court has the discretion to terminate the supervised release term of someone convicted of a felony after they have served at least one year of supervision, if the court concludes that early termination is warranted and that it is in the interests of justice. There is a presumption in favor of early termination when a defendant has been under supervision for at least eighteen months and meets certain conditions (the type of offense of conviction, no court-reported violations in twelve months, a demonstrated ability to self-manage, substantial compliance with supervision, prosocial activities and prosocial support in the community).

The defendant has served thirty-three months—just short of three years—of her five-year supervised release term. She has, according to probation, "made great strides in her family reintegration and residential stability, as well as employment stability." Dkt. No. 1146 at 3. The government supports early termination. The court will grant the defendant's request.

The court congratulates Ms. Ashford on all she has done since being released from custody. It is not easy, spending years in prison and then

adjusting to life in the community. But Ms. Ashford has worked jobs, become involved in her grandchildren's lives, become active in her church. She has support in the community. She has shown that she is a productive, prosocial member of society. She should be proud of her achievements. The court wishes her the best of luck, and hopes she stays healthy and safe.

The court **GRANTS** the defendant's motion for early termination of supervised release. Dkt. No. 1144. The court **ORDERS** that the defendant's supervised release term is **TERMINATED** effective immediately.

Dated in Milwaukee, Wisconsin this 28th day of September, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**